The Honorable Boyd Hickinbotham State Representative P.O. Box Salem, AR 72370-0326
Dear Representative Hickinbotham:
I am writing in response to your request for an opinion on the following question:
 Can an attorney serve on a board of directors of a bank as city attorney, county attorney, deputy prosecutor, and city judge in the same judicial district?
RESPONSE
Although it is not entirely clear from the wording of your question, I assume as an initial matter that the bank directorship is the focus of your inquiry, and that you are not asking whether one could serve simultaneously in all of these positions. That is, I assume you are asking whether a city attorney, county attorney, deputy prosecutor, or a city judge could serve on a board of directors of a bank in the same judicial district.[1] Please note also that my review is necessarily limited to state law and does not encompass any local ordinances or other local regulations that might bear on the question. The potential applicability of local measures is outside the scope of this opinion and would need to be addressed at the local level.
With these clarifications in mind, it is my opinion that the answer to your question is generally "yes" with regard to a city attorney, county attorney, or deputy prosecutor, and "no" with regard to a city judge.
I have found no provision in state law that would flatly prohibit a city attorney, county attorney, or a deputy prosecuting attorney from serving on a bank's board of directors, whether the bank is located within or without the judicial district. It should be noted that potential conflicts of interest or ethical problems could conceivably arise based on particular Arkansas Code provisions governing public officials and employees, depending upon the surrounding facts and circumstances. See
A.C.A. §§ 14-14-1202 (ethics for county government officers and employees) and 21-8-304, (prohibiting the use of public position to secure special privileges). Similarly, there is a common-law proscription against a public officer engaging in activities that would create a conflict of interests. See, e.g., Ark. Op. Att'y Gen. No. 2000-072 and cases cited therein. Because your inquiry focuses solely on the bare question of whether the named officials could serve as bank directors, I will not address these provisions in any detail, the applicability of which presents a question of fact in each case. For purposes of your question, I believe it is sufficient to note that these provisions do not, in my opinion, amount to a wholesale prohibition against these public officers serving on a bank's board of directors. Nevertheless, the individual city or county attorney or deputy prosecutor should be cognizant of any potential conflicts of interest that might arise under these laws as a consequence of the particular circumstances surrounding their bank directorship.[2]
With regard to the question of whether a city judge can serve on a bank's board of directors, it appears that this likely would be proscribed by the Arkansas Code of Judicial Conduct, Canon 4D(3), unless perhaps the particular city judge falls within an exempt category based upon the specific facts of his or her judicial service.
Canon 4D(3) states:
 A judge shall not serve as an officer, director, manager, general partner, advisor or employee of any business entity except that a judge may, subject to the requirements of this Code, manage and participate in:
 (a) a business closely held by the judge or members of the judge's family, or
 (b) a business entity primarily engaged in investment of the financial resources of the judge or members of the judge's family.
According to the "Application" section of the Code of Judicial Conduct, "[a]nyone, whether or not a lawyer, who is an officer of a judicial system and who performs judicial functions . . . is a judge within the meaning of this Code."[3] Thus, unless the particular bank is a "business closely held by the [city] judge or members of the [city] judge's family" (Canon 4D(3)(a), supra), or the city judge is exempt due to his or her particular judicial service (see n. 2. supra), it seems that a city judge would be in violation of the Code of Judicial Conduct if he or she served on the board of directors of a bank.
The potential applicability of numerous other provisions of the Code of Judicial Conduct must also be recognized when considering a situation in which a city judge also holds a bank director position, the functions of which could divert the judge's allegiance from his or her judicial duties. See, e.g., Canons 2 and 3 (a judge must avoid the appearance of impropriety in all activities and must perform judicial duties impartially and diligently). The applicability of any such other provisions will turn on the particular facts of each case. Allegations regarding conduct of a judge are within the jurisdiction of the Arkansas Judicial Discipline and Disability Commission. See Rule 6 of the "Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission." Please note also that elected officers, judicial officers and candidates for judicial office may seek advisory opinions from the Judicial Ethics Advisory Committee concerning compliance with the Arkansas Code of Judicial Conduct. See Rule 1 of the "Procedural Rules for the Arkansas Judicial Ethics Advisory Committee."
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] If indeed you are asking whether one attorney could simultaneously serve on a bank board and in all of these other positions, I believe the answer is probably "no," primarily because service as both city attorney and deputy prosecuting attorney is likely proscribed under the common law "incompatibility" doctrine. See Ops. Ark. Att'y Gen. 95-015 and 90-081. Additionally, if one's simultaneous service in these positions is indeed the question, it would be relevant to know whether the particular individual in that instance serves as city attorney and city judge in the same city, and whether the service as county attorney is by virtue of his or her position as deputy prosecuting attorney (see A.C.A. §14-14-902(b)), or instead is by separate appointment as either a full-time county civil attorney or a contract county civil attorney. See
A.C.A. § 16-21-114. In any event, however, because I do not interpret simultaneous service in these positions as the focus of your question, I will not discuss that matter in any further detail.
[2] They should also be aware of disclosure requirements under "The Disclosure Act for Lobbyists and State and Local Officials" (A.C.A. § 21-8-401 et seq.).
[3] See "Application of the code of judicial conduct," Section A. It should be noted in this regard, as I have indicated above, that certain categories of judicial service are excepted from Canon 4D(3). See
"Application of the code of judicial conduct," Sections B and C (regarding "Continuing Part-time Judge" and "Pro Tempore Part-time Judge or Periodic Part-time Judge," defined in the "Terminology" section of the Code). Consideration must therefore be given to the possible exemption of the particular city judge from the proscription in Canon 4D(3).